UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 06-CV-07-KKC

DAVID KENT BENTLEY                                                                    PLAINTIFF

v.            **MEMORANDUM OPINION AND ORDER**

FRANKLIN COUNTY REGIONAL JAIL, ET AL.                             DEFENDANTS

David Kent Bentley, who is currently incarcerated in the Roederer Correctional Complex in LaGrange, Kentucky, has filed a handwritten *pro se* civil rights complaint under 42 U.S.C. §1983 [Record No. 1]. Through and including April 24, 2006, the plaintiff has filed a series of lengthy handwritten motions and letters which the Court collectively construes as supplements to the original §1983 complaint.[1] Additionally, the plaintiff has completed and filed two preprinted §1983 prisoner complaint forms [Record Nos. 7 and 12], and a motion for appointment of counsel [Record No. 3].

The plaintiff has filed several motions to proceed *in forma pauperis*, which the Court will address by separate Order.[2]

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution

---

[1] *See* plaintiff's letters, motions, purported grievances and witness statements filed as Record Nos. 4, 5, 9, 10, 11, 15, 16, 17, 18 and 19.

[2] *See* plaintiff's motions filed as Record Nos. 2, 8, and 13.

or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), a district court is authorized to dismiss a case at any time if it determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff's handwritten submissions, some of which consist of letters, are difficult to decipher. The plaintiff has written rambling notations in the margins and on the back of pages. Review of the preprinted complaint forms [Record Nos. 7 and 12] provide the most assistance to the Court in ascertaining the asserted claims.

He complains that he suffers from a myriad of serious medical conditions and that, during his tenure as an inmate at the Franklin County Detention Center ("FCDC"), the staff denied him appropriate medical care. The claim would fall under either the Eighth or Fourteenth Amendment, depending on whether the plaintiff was a pretrial detainee at the time of the alleged events. Plaintiff alleges that his pleas for medical treatment went unheeded despite his having filed repeated requests and inmate grievances.

He further alleges that while he was confined in the FCDC, staff interfered with his legal mail. That claim would fall under the First Amendment.

NAMED DEFENDANTS

The Petitioner has named the following defendants: (1) The FCDC[3]; (2) Linda Bemus, Nurse at the FCDC; (3) Ted Hammermeister, the Jailer of the FCDC; (4) Bill Reed, Classification Officer at the FCDC; and Ryan Waldridge, doctor at the FCDC. The plaintiff did not specify the capacity in which he sues the individually named defendants.

RELIEF REQUESTED

The plaintiff seeks injunctive relief in the form of an order from this Court directing the FCDC to provide him with medical care. He also seeks monetary damages.

DISCUSSION

The plaintiff's submissions appear to contain some indication that the plaintiff administratively exhausted some of his Eighth Amendment medical claims in whole or in part. The defendants will be required to identify the plaintiff's numerous claims and file an answer setting forth an explanation of whether the plaintiff exhausted each and every claim asserted herein. The defendants will also advise the Court what, if any, impact the plaintiff's transfer to the Roederer Correctional Complex has or may have on his demands for injunctive relief.

As for the plaintiff's "Motion to Appoint Counsel" [Record No. 3], a district court has the discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. §1915 (e). "The appointment of counsel in a civil case is not a constitutional right. It is a privilege that is

---

[3] To the extent this action is brought against the FCDC, the FCDC is a subdivision of Franklin County and the county is the proper party/entity to redress the allegations made against the jail. *Id.*; *see also Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994) (citing *Smallwood v. Jefferson Co. Govt.*, 743 F. Supp. 502, 503 (W.D. Ky. 1990)); *see also Johnson v. Hardin Co., Ky.*, 908 F.2d 1280 (6th Cir. 1990); *Brown v. Marshall Co.*, 394 F.2d 498 (6th Cir. 1968). Thus, to the extent this action is brought against the FCDC, it is deemed to have been brought against the entity of Franklin County.

3

justified only by exceptional circumstances . . . . This generally involves the determination of the complexity of the factual and legal issues." *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (citations omitted) (quotation marks omitted). *See also Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (Decision to deny appointment of counsel will be overturned only when the denial of counsel results in "'fundamental unfairness impinging on due process rights.'" (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir.1982)); *see also Hayes v. Wright*, 111 Fed.Appx. 417 - 418, 2004 WL 2203571, **1-**2 (6th Cir.(Tenn.)) (in prisoner action alleging Eighth Amendment medical claim, district court did not abuse its discretion in denying prisoner the appointment of counsel, citing *Lavado v. Keohane* and *Reneer v. Sewell* ).

In the instant case, the Court concludes that neither the factual nor the legal issues present circumstances which warrant the appointment of counsel. The Court will deny the plaintiff's request for appointment of counsel.

## CONCLUSION

In light of the foregoing, it is hereby **ORDERED** as follows:

(1) The plaintiff's "Motion for the Appointment of Counsel" [Record No. 3] is **DENIED**.

(2) The defendants in this action are The FCDC; (2) Linda Bemus, Nurse at the FCDC; (3) Ted Hammermeister, the Jailer of the FCDC; (4) Bill Reed, Classification Officer at the FCDC; and Ryan Waldridge, doctor at the FCDC.

(3) The Clerk in the divisional office in which the case lies shall prepare and issue summons for Linda Bemus, Nurse at the FCDC; (3) Ted Hammermeister, the Jailer of the FCDC;

(4) Bill Reed, Classification Officer at the FCDC; and Ryan Waldridge, doctor at the FCDC in their official and individual capacities.

(4)	The divisional Clerk shall also prepare as many copies of the complaint [Record Nos. 1, 7, and 12] and the construed amended complaints [Record Nos 4, 5, 9,10, 11,15, 16, 17, 18, and 19] as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(5)	After the Divisional Clerk's office has prepared the summonses, USM Forms 285, copies of the complaints and other documents specified in ¶ 3, a copy of this Order, and/or any other documents necessary to effectuate service, the Divisional Clerk's office shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky. The Clerk shall enter the certified mail receipt into the record.

(6)	The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named defendant and shall do so by [mail/personal service/certified mail, return receipt requested].

(7)	The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8)	The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9)	For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by

5

counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

    (10)    The Clerk is directed to serve a copy of this Order upon the Jailer/Warden of the institution in which the prisoner is currently confined and upon the Office of General Counsel for the Kentucky Department of Corrections in Frankfort, Kentucky.

    Dated this 2nd day of May, 2006.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**